USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-10-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

MARY VERONICA SANTIAGO-MONTEVERDE,

           Debtor.
-----------------------------------------------------------x
MARY VERONICA SANTIAGO-MONTEVERDE,

           Appellant,

    -against-

JOHN S. PEREIRA

           Appellee.
-----------------------------------------------------------x

12 Civ. 4238(PKC)

Chapter 7 Case No.
11-15494(JMP)

MEMORANDUM
AND ORDER

CASTEL, District Judge:

        This is an appeal by the Chapter 7 debtor of the April 19, 2012, order of the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, U.S.B.J., granting the Trustee's application to strike the claimed exemption for the value of a New York City rent-stabilized lease. The order followed a written opinion of the bankruptcy court. In re Santiago-Monteverde, 466 B.R. 621 (Bankr. S.D.N.Y. 2012). The order of the bankruptcy court is affirmed.

I. Standard of Review

        This Court reviews a bankruptcy court's conclusions of law de novo and its factual findings for clear error. In re Maxwell Newspapers, Inc., 981 F.2d 85, 89 (2d Cir. 1992); see also Rule 8013, Fed. R. Bankr. P.

II. <u>Discussion</u>

The debtor acknowledges that a rent-stabilized lease is the property of the bankruptcy estate, 11 U.S.C. § 541. (Debtor Br. 5). She further concedes that the Trustee is authorized to reject or assume the lease, 11 U.S.C. § 365. (Debtor Br. 5.) The thrust of her argument is that the lease has a value which is distinct from the lease itself. She describes this value as "the value of terminating th[e] rent-stabilization regime [governing the lease] through the proposed assignment of the Lease to the landlord." (Debtor Br. 6 (footnote omitted).) She urges that she is entitled to an exemption under section 522(b) of the Bankruptcy Code, 11 U.S.C. § 522(b), which permits debtors to take exemptions allowable by state law. She points to Section 282(2) of New York Debtor and Creditor Law, which reads in relevant part:

> The debtor's right to receive or the debtor's interest in: (a) a social security benefit, unemployment compensation or a <u>local public assistance benefit</u>; (b) a veterans' benefit; (c) a disability, illness, or unemployment benefit; (d) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; and (e) all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service . . .

N.Y. Debt. & Cred L. § 282(2). (Debtor Br. 8. (emphasis added)). She argues that the value of her rent-stabilized lease is or should be a qualifying local public housing assistance benefit. (Debtor Br. 8-12.)

In rejecting the debtor's argument, the bankruptcy court examined the phrase "local public assistance benefit" in the context of the statute in which it is used and by reference to the words and phrases with which the words are associated. 466 B.R. at 623 (citing N.Y. Stat. § 239 ("Under a rule of statutory construction sometimes referred to as the rule of <u>noscitur a sociis</u>, words employed in a statute are construed in connection with, and their meaning is ascertained by reference to the words and phrases with which they are associated")). The bankruptcy court concluded that "[n]otably, all of the items listed in section 282(2) are payments

of one sort or another that a debtor has the right to receive or in which the debtor has an interest." Id. at 623-24. It then concluded that "the section only seeks to exempt certain kinds of qualifying payments," and the "value" relied upon by the debtor was not such a payment. Id. at 624-25.

It is not necessary to reach the question of whether only payments to a debtor fall within the meaning of an exempt "benefit." Viewing the phrase "local public assistance benefit" in the context of other terms used in the statute, this Court concludes that the value in securing a lawful termination of the rent-stabilized lease, which undoubtedly may be monetized, is a collateral consequence of the regulatory scheme and not a "local public assistance benefit." A succinct history of New York's rent-stabilization regime is found in Judge Bellacosa's opinion for the New York Court of Appeals in Manocherian v. Lenox Hill Hosp., 84 N.Y.2d 385 (1984). It suffices to note that "[t]he regulation of this field has been maintained 'to prevent uncertainty, hardship and dislocation,' and to 'forestall profiteering, speculation and other disruptive practices.'" Id. at 389. The legislature undoubtedly intended to afford protection to tenants—to benefit tenants—by enacting laws restricting rent increases and non-renewals. This Court accepts for the purpose of this appeal the debtor's assertion that a tenant may vacate a rent-stabilized apartment and may in some instances receive compensation from a limited class of persons for doing so. But the debtor cites no authority for the proposition that the legislature intended to confer upon the tenant a public assistance benefit consisting of the value of terminating the rent-stabilization regime. Read in the contest of section 282(b), the referenced value is a collateral consequence and not a benefit.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order of April 19, 2012, is AFFIRMED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 10, 2012